NOS. 07-07-0368-CR, 07-07-0369-CR, 07-07-0370-CR and 07-07-0371-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 2, 2007


 ______________________________



KRYSTLE DANIELLE IVORY, APPELLANT


 

V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 53239-E, 53240-E, 53241-E and 53765-E; HONORABLE ABE LOPEZ, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Krystle Danielle Ivory, acting pro se, appeals from the trial court's
judgment in four companion cases. Finding appellant's notices of appeal are untimely, we
dismiss the appeals for want of jurisdiction.

 On August 8, 2006, appellant pled guilty in four separate cases arising from the
same incident. In three cases, appellant pled guilty to aggravated robbery and received
a twenty-year sentence in each. In the fourth case, appellant pled guilty to the offense of
robbery and was sentenced to fifteen years in the Institutional Division of the Texas
Department of Criminal Justice. On the same day, the trial court certified that in each
case, appellant had no right of appeal and that appellant had waived the right of appeal. 
Tex. R. App. P. 25.2. Appellant filed her notices of appeal in the trial court on April 26,
2007.

 By letter dated October 1, 2007, this Court notified appellant that her notices of
appeal appeared late, and advised her that the Court would determine its jurisdiction after
October 22, 2007. By the same letter, this Court advised appellant that her appeals were
subject to dismissal unless the Court received amended certifications under Rule of
Appellate Procedure 25.2 providing that appellant has the right of appeal, or she
demonstrated other grounds for continuing the appeals, on or before October 22, 2007. 
Appellant has corresponded with the Court, but her correspondence does not provide
information permitting us to conclude we have jurisdiction over the appeals. 

 In a criminal case, the Texas Rules of Appellate Procedure require that notice of
appeal be filed within 30 days after the day sentence is imposed or suspended in open
court, or after the day the trial court enters an appealable order; or within 90 days after the
day sentence is imposed or suspended in open court if the defendant timely files a motion
for new trial. Tex. R. App. P. 26.2. As noted, appellant's notices of appeal from the
judgments and sentences imposed in August 2006 were filed in April 2007. (1)

 Only a timely notice of appeal invokes the jurisdiction of the court of appeals. State
v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000); Slaton v. State, 981 S.W.2d 208,
209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, a court of appeals does
not have jurisdiction to address the merits of the appeal, and can take no action other than
to dismiss the appeal. Olivio v. State, 918 S.W.2d 519 (Tex.Crim.App. 1999); Slaton, 981
S.W.2d at 210; Stumpf v. State, 2001 WL 1566655 (Tex.App.-Amarillo 2001, no pet.) (not
designated for publication).

 Further, the rules we must follow require us to dismiss an appeal in a criminal case
in the absence of certification showing the appellant has the right of appeal. Tex. R. App.
P. 25.2(d).

 Because appellant did not file a timely notice of appeal, we lack jurisdiction to
consider her appeals. Accordingly, they are dismissed for want of jurisdiction.


 James T. Campbell

 Justice





Do not publish.


 
1. Correspondence provided by appellant makes reference to an out-of-time appeal. 
Permission for such a late appeal must be granted by the Court of Criminal Appeals. Tex.
Code Crim. Proc. art. 11.07 (Vernon 2007).